IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,<br><br>    Plaintiffs,<br><br>v.<br><br>FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,<br><br>    Defendants. | CIVIL FILE<br>ACTION NO. _____ |

## COMPLAINT

### INTRODUCTION

1.     Catnip Catlin Investments, LLC ("Catlin") and Craton Event Management,

LLC d/b/a Craton Promotions ("Craton Event Management") (collectively,

"Plaintiffs") bring this action against Family Funding Group, LLC ("FFG"),

Ershowsky Verstandig PLLC ("Ershowsky PLLC"), Ershowsky, P.C., and

Michael Ershowsky ("Mr. Ershowsky") (collectively, "Defendants") seeking

to recover compensatory monetary damages in a principal amount exceeding

$75,000, plus punitive damages, attorney's fees, legal expenses, and costs of

court, with all of the foregoing damages arising from injuries sustained in the State of Georgia which were caused by the actions of Defendants, including Defendants' acts to seize funds from Plaintiffs' bank accounts in the State of Georgia based on false representations to a court outside of the State of Georgia which constitutes the tort of malicious abuse of process, the tort of conversion, and is otherwise contrary to law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.

3. Subject matter is proper on diversity grounds, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.

4. The Court has personal jurisdiction over the Defendants, as each has sufficient contacts with the forum state, Georgia. Without limiting the nature of those contacts, Defendants have had the following contacts with the forum state:

   a. Defendant FFG has solicited loans from borrowers within the State of Georgia on an ongoing basis, has entered into contracts with borrowers in the State of Georgia, has entered into contracts with guarantors in the State of Georgia, has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

b.  Ershowsky PLLC has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

c.  Ershowsky P.C. has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

d.  Mr. Ershowsky has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

e.  Additionally, the tortious conduct referenced in this Complaint was directed by each Defendant against Plaintiffs who are located within the State of Georgia and Plaintiffs have suffered injury within the State of Georgia from that tortious conduct.

5.  Venue is appropriate in the Northern District of Georgia because a substantial part of the events giving rise to the claims occurred within the district. *See* 28 U.S.C. § 1391(b)(2). Specifically, Plaintiffs have their principal places of business, registered agents, and operations within this district, conduct banking operations within this district, and have been injured within this district by the seizure of their bank accounts in this district by Defendants.

**PARTIES**

6.    Plaintiff Catlin is a Georgia entity operating and registered to do business in the State of Georgia. All members of Plaintiff Craton Event Management are residents of the State of Georgia.

7.    Plaintiff Craton Event Management is an entity organized, operating, and registered to do business in the State of Georgia, with its registered address at 4960 Peachtree Industrial Boulevard, Suite 250, Norcross, GA, 30071. All members of Plaintiff Craton Event Management are residents of the State of Georgia.

8.    Defendant FFG is a New York limited liability company, with its principal place of business located at 5314 16th Avenue Suite 139, Brooklyn, NY 11204, and its registered agent listed as "Family Funding Group LLC" and located at 1021 38th St., Suite 501, Brooklyn, NY 11219. FFG can be served through its registered agent or any officer or managing agent at its principal place of business.

9.    Upon information and belief, all of FFG's members are residents of the State of New York. FFG is thus a citizen of New York for purposes of diversity jurisdiction. FFG is not a citizen, resident, or domiciliary of the State of Georgia for those factual reasons.

10.    Defendant Ershowsky PLLC is a Connecticut professional corporation, with its principal place of business located at 25 Robert Pitt Dr. Suite 204, Monsey,

4

NY 10952. Ershowsky PLLC can be served through its registered agent, "the PLLC", located at 290 Central Avenue Suite 107, Lawrence, NY 11559.

11. Upon information and belief, all of Ershowsky PLLC's members are residents of the State of New York. Ershowsky PLLC is thus a citizen of New York for purposes of diversity jurisdiction. Ershowsky PLLC is not a citizen, resident, or domiciliary of the State of Georgia for those factual reasons.

12. Ershowsky, P.C. is a New York limited professional corporation, with its principal place of business located at 483R Central Avenue, Cedarhurst, New York 11516, and its registered agent listed as "Ershowsky, P.C." and located at 483R Central Avenue, Cedarhurst, New York 11516. This Defendant can be served through its registered agent or any officer or managing agent at its principal place of business.

13. Upon information and belief, Ershowsky P.C.'s sole owner is Mr. Ershowsky, who is a resident of the State of New York. Ershowsky P.C. is thus a citizen of New York for purposes of diversity jurisdiction. Ershowsky P.C. is not a citizen, resident, or domiciliary of the State of Georgia for those factual reasons.

14. Upon information and belief, Mr. Ershowsky is a resident of the State of New York. Mr. Ershowsky may be served wherever he can be located in person, including at 483R Central Avenue, Cedarhurst, New York 11516.

## FACTUAL BACKGROUND

15.    Defendant FFG operates as merchant cash advance ("MCA") lender.

16.    MCAs purport to purchase future accounts receivables, which are essentially disguised loans, largely in order to try to avoid laws applicable to lenders.

17.    MCAs purchase future accounts receivables at greatly discounted rates. The effect of the extreme discount in the amount of cash that is paid by the MCA compared to the much larger amount received back is to have an extraordinarily high imputed interest rate or rate of return.

18.    Defendants operate out of the State of New York, which they do on information and belief because numerous financial institutions have locations in New York which Defendants garnish to avoid coming into the courts of states where their victims reside.

19.    Defendants have utilized *ex parte* seizure processes in the State of New York to seize money from the Plaintiffs in this action, who are entities that do not owe FFG any money.

20.    Specifically, without notifying or serving any legal process on Plaintiffs, Defendants took legal action in the Supreme Court[1] of the State of New York, County of Nassau (the "New York Court"); Index No. 609048/23 (the "New

---

[1]    The "Supreme Court" of the State of New York is a trial level court in that jurisdiction.

York Action"), wherein Defendants requested that the New York Court issue an order authorizing seizure of Plaintiffs' bank accounts.

21. Unbeknownst to Plaintiffs at the time, Defendants falsely represented to the New York Court that Defendants' bank accounts belonged to a borrower of FFG. That false representation is referenced in an Order issued in the New York action, a true and correct copy of which is attached hereto as **Exhibit "A"**.

22. Plaintiffs did not learn of the existence of the New York Action until after their bank accounts at Wells Fargo Bank, N.A. ("Wells Fargo") were frozen and seized for reasons unknown to them at the time.

23. When Plaintiffs inquired with Wells Fargo regarding this seizure of funds from Plaintiffs' bank accounts, Plaintiffs were provided with a copy of a document showing that FFG instigated the seizure of the bank accounts, a true and correct copy of which is attached hereto as **Exhibit "B"**.

24. Despite having its bank account seized, Plaintiff Catlin had never entered into an MCA agreement, guaranty agreement, or any other contract with FFG. Plaintiff Catlin had no business relationship of any type with FFG.

25. Despite having its bank account seized, Plaintiff Craton Event Management had never entered into an MCA agreement, guaranty agreement, or any other

contract with FFG. Plaintiff Craton Event Management had no business relationship of any type with FFG.

26. Plaintiffs have no ongoing business in the State of New York.

27. Plaintiffs do not have their principal places of business in the State of New York.

28. Plaintiffs do not have their registered agents in the State of New York.

29. Defendants sought and received an ex parte order in the New York Action to seize Plaintiffs' bank accounts with knowledge that Plaintiffs never entered into an MCA agreement with FFG and without showing any contacts with the State of New York.

30. Plaintiffs have not been formally served with any pleadings by Defendants in the New York Action.

31. On September 25, 2023, Plaintiffs made demand on Defendants for return of the seized funds. A true and correct copy of the Demand Letter is attached hereto as **Exhibit "C"** (the "Demand Letter").

32. At the time they sent the Demand Letter, Plaintiffs had already incurred damages in excess of $43,972, as reflected in the Demand Letter.

33. Defendants wrote back in response to the Demand Letter, refusing to release the funds. A true and correct copy of that refusal is attached hereto as **Exhibit "D"**.

34.     Subsequent to sending the demand letter, Plaintiffs had additional funds deposited into their seized bank accounts as a result of the normal processing of credit cards. As a result, further funds were seized by Defendants. The total damages suffered by Plaintiffs exceed $75,000, in principal, and continue to grow.

35.     Plaintiffs made further attempts to have Defendants release the funds, but Defendants refused to respond to communications.

36.     To date, none of the Plaintiffs has received any summons or other formal notice of the ex parte legal action involving them and their bank accounts from Defendants.

## COUNT ONE:  CONVERSION

37.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

38.     Defendants are not entitled to the funds that they have seized from Plaintiffs' bank accounts.

39.     The funds seized from Plaintiffs' bank account are readily identifiable and segregated.

40.     Defendants are wrongfully exercising possession, dominion, and control over the funds taken from Plaintiffs' bank accounts by continuing to hold those funds without any reasonable basis after demand for return of the funds.

41.    Additionally, there was no legitimate basis, legal or factual, for Defendants to have seized the funds on an *ex parte* basis.

42.    Defendants' conversion claims as ancillary or pendent to the federal questions raised herein, or independently based on diversity jurisdiction.

43.    Defendants are liable to Plaintiffs for consequential damages arising from the conversion of the aforesaid funds, such as damages flowing from Plaintiffs' inability to make payroll, pay utility bills, pay other business expenses, and similar damages.

44.    Defendants are liable to Plaintiffs for attorney's fees related to conversion of the aforesaid funds.

## COUNT TWO: ABUSIVE LITIGATION

45.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

46.    Defendants have all taken an active part in the *ex parte* litigation in the New York Action which has resulted in the wrongful deprivation by Defendants of Plaintiffs' property, and such participation has been with malice and without substantial justification.

47.    "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive

litigation if such person acts: (1) With malice; and (2) Without substantial justification." O.C.G.A. § 51-7-81.

48. As used in this context, the term "malice" is defined by applicable statutes to "mean[] acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." O.C.G.A. § 51-7-80.

49. As used in this context, the term "without substantial justification" is defined by applicable statutes "when used with reference to any civil proceeding, claim, defense, motion, appeal, or other position, [and] means that such civil proceeding, claim, defense, motion, appeal, or other position is: (A) Frivolous; (B) Groundless in fact or in law; or (C) Vexatious. O.C.G.A. § 51-7-80.

50. "A plaintiff who prevails in an action under [Title 51 of the Georgia Code] shall be entitled to all damages allowed by law as proven by the evidence, including costs and expenses of litigation and reasonable attorney's fees." O.C.G.A. § 51-7-83

51. No advance notice of this claim for abusive litigation is required, as "this defense [of providing advance notice] shall not apply where the alleged act of abusive litigation involves the seizure or interference with the use of the

injured person's property by process of attachment, execution, garnishment, writ of possession, lis pendens, injunction, restraining order, or similar process which results in special damage to the injured person." O.C.G.A. § 51-7-82.

52.   The case at hand involves the seizure or interference with the use of the Plaintiffs' property by process of attachment, execution, garnishment, writ of possession, lis pendens, injunction, restraining order, or similar process which results in special damage to Plaintiff.

53.   The Court has jurisdiction over Plaintiffs abusive litigation claims pursuant to Title 51 of the Georgia Code based on diversity jurisdiction, as there is complete diversity of citizenship between Plaintiffs and Defendants and the principal amount in controversy exceeds $75,000.

54.   Plaintiff is entitled to recover monetary damages from Defendants for abusive litigation.

## COUNT THREE: PUNITIVE DAMAGES

55.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

56.   Defendants' actions have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

57.   An award of punitive damages should be entered in such amount as is sufficient to punish, penalize, or deter Defendants from such conduct in the future.

## COUNT FOUR: NEGLIGENCE

58.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

59.   Defendants were not and are not entitled to the funds that they seized and froze in Plaintiffs' bank accounts, as the purported basis for Defendants seizing and freezing those funds was purportedly an MCA agreement that was never executed by Plaintiffs.

60.   Plaintiffs have demanded return of the improperly funds, explaining to Defendants the grounds on which Defendants are required to return those funds, but Defendants have refused to return the funds.

61.   Defendants owe a duty to Plaintiffs not to injure Plaintiffs, especially after being informed that they had improperly seized funds of entities that had no relationship with Defendants.

62.   Defendants violated that duty not to injure Plaintiffs by advising the court in the New York Action of bank accounts to seize which were not their borrower or guarantor, and by refusing to return and release those funds after notice.

63.    Defendants' actions are the proximate cause of injury to Plaintiffs, including loss of their bank funds, attorney's fees incurred in seeking the funds back, lost profits, damages to business relationships, and other damages.

64.    Defendants are liable to Plaintiffs for consequential damages arising from the breach of duty to Plaintiff and the seizure of the aforesaid funds, such as damages flowing from Plaintiffs' inability to make payroll, pay other business expenses, and similar damages.

65.    Defendants are liable to Plaintiffs for attorney's fees related to the aforesaid negligence.

66.    With regard to the defendants who are lawyers and law firms, this is not a claim for legal malpractice, but rather is a claim for "simple negligence" or "ordinary negligence", as Plaintiffs were not the clients of Defendants. As such, no affidavit of professional negligence is necessary in support of this simple or ordinary negligence claim.

**COUNT FIVE:  VIOLATION OF GEORGIA BILL OF RIGHTS**

67.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

68.    The Georgia Bill of Rights states that "[n]o person shall be deprived of life, liberty, or property except by due process of law." Art. I, Sec. I, Par. 1 of the Ga. Const.

69.    Defendants have violated the Due Process Clause of the Georgia Constitution, and have deprived Plaintiffs of property without due process of law. Defendants have done so by bringing a legal action to seize property of Plaintiffs – *i.e.*, New York Action – without serving any Plaintiff with summons or other formal legal process to notify them of the New York Action or to provide them due process in the form of the ability to respond, to have a hearing, or otherwise, before deprivation of their property.

70.    As a result of the unconstitutional collection action taken by Defendants, Plaintiff has suffered actual damages, including but not limited to the seizure of Plaintiffs' bank accounts, incurring attorney's fees, and similar damages.

71.    Plaintiffs have been injured, and are likely to be injured in the future, by Defendants' actions under color of state law, as Defendants have acted in concert to deprive Plaintiffs of their property, without any judgment having been entered against Plaintiffs under state law, and without any formal notice having been provided to Plaintiffs of the grounds for the New York Action or methods to challenge this state action.

72.    Plaintiff seek declaratory relief that the actions taken by Plaintiffs under color of state law, on an *ex parte* basis, to seize Plaintiffs' property, are unconstitutional, seek injunctive relief to stop and prohibit such actions, and seek monetary damages, attorney's fees, and litigation expenses.

73. Plaintiff requests that the Court enter a temporary restraining order to bar the Defendants from taking actions to seize and hold property of Plaintiffs.

## COUNT SIX: TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

74. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

75. To receive a temporary restraining order, a party must demonstrate "(1) substantial likelihood of success on the merits; (2) [that] irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [him] outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Wood v. Raffensperger*, 501 F.Supp.3d 1310, 1320 (N.D. Ga. 2020) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

76. Plaintiffs are substantially likely to succeed in their claims because Defendants are depriving Plaintiffs of their property without due process of law by seizing Plaintiffs' funds used for ongoing business operations under the guise of Plaintiffs breaching an MCA agreement with Defendants, but without Plaintiffs having ever entered into any contract with FFG.

77.    Plaintiffs will suffer irreparable injury because, without access to the funds illegally seized by Defendants, Plaintiffs will suffer serious and substantial damages to ongoing business operations by being unable to pay employees, vendors, and other costs. If the business is forced to close due to inability to access funds, future profits could be impossible to quantify such that monetary damages might not be available or not be a complete remedy for the damages suffered.

78.    The injury to Plaintiffs outweighs the damage to Defendants, as Plaintiffs are operating business entities that require continuing access to the funds in their bank accounts to continue operating, and for the livelihoods of employees, whereas Defendants are hard money lenders and their attorneys who are jointly attempting to use illegal collection procedures to seize money from entities that do not owe them any money.

79.    The temporary restraining order will be in the public interest, as allowing MCA companies and attorneys to engage in the illegal seizure of business banks accounts based on unserved lawsuits is entirely against the public interest.

80.    Plaintiffs request that the Court enter a *temporary restraining order* preventing Defendants from taking any further legal action against Plaintiffs

and requiring the release of all funds seized due to actions of Defendants against Plaintiffs.

81.   Plaintiffs request that the Court then enter a *preliminary injunction* further preventing Defendants from taking any further legal action against Plaintiffs and requiring the release of all funds seized due to actions of Defendants against Plaintiffs.

## COUNT SEVEN: ATTORNEY'S FEES

82.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein.

83.   Defendants' actions have caused Plaintiffs to incur legal fees in order to demand their funds back and to file this action to obtain the release of the seized funds and to protect against further wrongful actions.

84.   Plaintiffs are entitled to recover their full legal fees, legal expenses, and costs of court.

WHEREFORE, Plaintiffs pray that this Court:

i.      Issue Summons against each Defendant;

ii.     Enter a temporary restraining order to bar the Defendants from undertaking any further actions against Plaintiffs;

iii.    Enter a temporary restraining order requiring the release of all funds seized due to actions of Defendants against Plaintiffs;

iv.     Enter a preliminary injunction and permanent injunction for the foregoing relief;

v.     After trial, enter Judgment against Defendants for monetary damages caused by Defendants' actions in an amount of not less than $75,000, plus costs of court, attorney's fees, and such further consequential damages as may be suffered by Plaintiffs;

vi.     Award punitive damages against Defendants; and

vii.     Provide such further relief as the Court deems proper.

This 14th day of November, 2023.

[signature follows]

Respectfully submitted,

*/s/ Michael D. Robl*
Michael D. Robl
Georgia Bar No. 610905

*/s/ Maxwell W. Bowen*
Maxwell W. Bowen
Georgia Bar No. 719784

3754 Lavista Road
Suite 250
Tucker, Georgia 30084
Tel: (404) 373-5153 (Michael Robl)
Tel: (404) 373-5180 (Maxwell Bowen)
Fax: (404) 537-1761
michael@roblgroup.com
max@roblgroup.com
*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,

    Plaintiffs,

v.

FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,

    Defendants.

CIVIL FILE
ACTION NO. _____

## VERIFICATION

I, Charles T. Craton, III, do depose and say that I have reviewed the foregoing **Complaint** and that the averments contained therein are true where derived from my own knowledge and are believed to be true where derived from the knowledge of others in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

This 18th day of October, 2023.

By: _____

**CHARLES T. CRATON, III**

[No notarization required
Under 28 U.S.C. § 1746]

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,<br><br>    Plaintiffs,<br><br>v.<br><br>FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,<br><br>    Defendants. | CIVIL FILE ACTION NO. |

## VERIFICATION

I, Charles T. Craton, IV, do depose and say that I have reviewed the foregoing **Complaint** and that the averments contained therein are true where derived from my own knowledge and are believed to be true where derived from the knowledge of others in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

This 18th day of October, 2023.

By: _____
**CHARLES T. CRATON,**
IV

[No notarization required

Under 28 U.S.C. § 1746]

# Exhibit "A"

FILED: NASSAU COUNTY CLERK 09/21/2023 10:55 AM
NYSCEF DOC. NO. 15

INDEX NO. 609048/2023
RECEIVED NYSCEF: 09/19/2023

**SHORT FORM ORDER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Present: **HON. RANDY SUE MARBER**
              **Justice**                                                   TRIAL/IAS PART 2

────────────────────────────────────────X

FAMILY FUNDING GROUP LLC,

                                        Plaintiff,                 Index No.: 609048/23
                                                                   Motion Sequence....01
          -against-                                                Motion Date...07/14/23

CHAZZY RETAIL SERVICES LLC and
CHARLES THOMAS CRATON III,

                                        Defendants.

────────────────────────────────────────X

Papers Submitted:
Order to Show Cause...................x

          Upon the foregoing papers, the unopposed Order to Show Cause by the

Plaintiff, seeking an Order, pursuant to CPLR § 6301, granting a preliminary injunction

restraining the Defendants, their owners, principals, shareholders, members, employees,

representatives, agents, and any persons working on their behalf or in concert with them,

from transferring, pledging, diverting, or disposing of (i) any of their assets and (ii)

restraining all funds in any Wells Fargo accounts titled to the Defendants, including but

not limited to the Wells Fargo accounts ending in 6511, 6431 and 2855, up to the amount

of $66,428.60, pending the resolution of this action or until further Order of this Court, is

determined as provided herein.

          By Order dated June 8, 2023, this Court signed the Plaintiff's Order to

1

Show Cause, striking the temporary injunctive relief which was sought pending the hearing and determination of the application. On the return date of the OSC, July 14, 2023, this Court marked the Plaintiff's OSC fully submitted, without opposition, as the Defendants had not submitted opposition or otherwise appeared in this action.

The Plaintiff now seeks the aforementioned injunctive relief pending the resolution of this action or further Order of the Court. The first branch of the relief requested as pertaining to restraining the Defendants from "disposing, diverting...*any of their assets*..." [emphasis supplied] the Court finds the request overbroad. As such, the first branch is denied. As to the second branch seeking to restrain all funds in any Wells Fargo accounts titled to the Defendants, including the Wells Fargo accounts titled to CHAZZY RETAIL SERVICES LLC ending in 6511, 6431 and 2855, up to the amount of $66,428.60 pending the resolution of this action, the Court finds such requested relief sufficiently narrowly tailored and not overbroad.

While the Court is granting the Plaintiff a preliminary injunction as set forth herein pending the resolution of this action, the Plaintiff is reminded that proceedings for entry of a default judgment as against these Defaulting Defendants must be taken within one year of the date of Defendants' default in appearing. Failure to timely seek a default judgment shall result in dismissal of the Plaintiff's claims as abandoned.

Accordingly, it is hereby

**ORDERED**, that the branch of the unopposed Order to Show Cause by the Plaintiff, seeking an Order, pursuant to CPLR § 6301, granting a preliminary injunction

2

FILED: NASSAU COUNTY CLERK 09/21/2023 10:55 AM          INDEX NO. 609048/2023
NYSCEF DOC. NO. 15                                        RECEIVED NYSCEF: 09/19/2023

restraining the Defendants, their owners, principals, shareholders, members, employees, representatives, agents, and any persons working on their behalf or in concert with them, from transferring, pledging, diverting, or disposing of any of their assets, is DENIED; and it is further

ORDERED, that the branch of the Plaintiff's application seeking an Order restraining all funds in any Wells Fargo accounts titled to the Defendants, including but not limited to, the Wells Fargo accounts titled to the Defendant, CHAZZY RETAIL SERVICES LLC, with account numbers ending in 6511, 6431 and 2855, up to the aggregate amount of $66,428.60, pending the resolution of this action or until further Order of this Court, is GRANTED; and it is further

ORDERED, that counsel for the Plaintiff shall serve a copy of this Order upon the Defendants at their last known respective address(es) by certified mail, return receipt requested, AND by regular mail, within twenty (20) days of the date of entry of this Order. PROOF OF SERVICE MUST BE FILED WITH THE COURT; and it is further

ORDERED, that, in the event the Defendants fail to appear, individually or by counsel, and the Plaintiff fails to timely seek a default judgment based on such failure, the Complaint shall be dismissed as abandoned.

This constitutes the decision and Order of this Court.

DATED:     Mineola, New York
           September 18, 2023

_____
Hon. Randy Sue Marber, J.S.C.

ENTERED
Sep 21 2023
NASSAU COUNTY
COUNTY CLERK'S OFFICE

3

# Exhibit "B"

| Effective | Type |
| --- | --- |
| 09/20/2023 | 53 - LEGAL ORDER HOLD |

Additional Information: ERSHOWSKY VERSTANDIG PLLC
NY #60904823 $9,999,999,999.99
Legal Order# 75354323
Contact (516) 400-7163

| Effective | Type |
| --- | --- |
| 09/19/2023 | 53 - LEGAL ORDER HOLD |

Additional Information: LEGAL ORDER RESEARCH 75354323

# Exhibit "C"

# ROBL LAW GROUP, LLC
### Attorneys at Law

September 25, 2023

**Via Email:**
mbe@ershlaw.com

Michael Ershowsky, Esq.
Ershowsky, P.C.
483R Central Avenue
Cedarhurst, New York 11516

        Re:     *Family Funding Group, LLC vs. Chazzy Retail Services, LLC and*
                *Charles Thomas Craton, III*; Supreme Court of the State of New York,
                County of Nassau; Index No. 609048/23 (the "Collection Action").
                Levy on Wells Fargo accounts of Catnip Catlin Investments, LLC and Craton Event
                Management, LLC (dba Craton Promotions and Craton Inc).

Mr. Ershowsky,

        My firm has been engaged by Craton Event Management / Craton Promotions, Inc. (collectively, the "Injured Parties") to pursue legal action against Family Funding Group, LLC ("FFG") as well as you and your law firm (collectively, "Ershowsky"). We are writing to you to demand that you take immediate action to mitigate the damages being suffered by the Injured Parties. If you do not do so, this will constitute further evidence of misconduct and will further support awarding attorney's fees and punitive damages against FFG and Ershowsky.

        We understand that Ershowsky and FFG obtained a court order (the "Levy Order") in the above-referenced Collection Action, on an *ex parte* basis, dated September 18, 2023 and entered by the Clerk of Court in the Collection Action on September 21, 2023, to seize the bank accounts of the Injured Parties. It is apparent from the Levy Order that FFG and Ershowksy specifically designated Wells Fargo bank accounts ending in numbers 6431 and 2855 as accounts that the Court should seize based on your representation that they were "titled to the Defendants". That representation is false. The account ending in 6431 is titled to Catnip Catlin Investments, LLC ("CCLLC"). The account ending in 2855 is titled to Craton Event Management, LLC d/b/a Craton Promotions and Craton Inc ("CEMLLC"). None of those entities is obligated to FFG by agreement or by judgment.

        We further understand that, based on that Levy Order, on or around September 21st or 22nd, 2023, Wells Fargo Bank, N.A. ("Wells Fargo") seized or "froze" $35,654.09 of funds in the bank account of CCLLC and also seized or "froze" $8,318.26 of funds in the account of CEMLLC. Thus, the damage as of September 22, 2023 exceeded $43,972.

        Additionally, the Injured Parties have suffered damage in the form of vendors refusing to deal with them as checks have bounced. The Injured Parties will also suffer bank fees and expenses in the form of returned check fees, and are likely to suffer damage to their credit as the bank or vendors report

# ROBL LAW GROUP, LLC
### A t t o r n e y s   a t   L a w

non-negotiable checks to credit bureaus. Furthermore, as additional funds are deposited into the accounts of CCLLC and CEMLLC, the damages continue to grow.

Beyond the damages listed above, CCLLC and CEMLLC need the funds seized/frozen from their accounts in order to make payroll that is due in four (4) days. Substantial damages will arise if the seized/frozen funds are not immediately released.

The actions of FFG and Ershowsky are entirely without a factual or legal basis, and have resulted in the conversion of the funds of the Injured Parties, have caused them to incur unnecessary legal fees, and are causing other damages as explained above. Due to those damages, we intend to file legal action against FFG and Ershowsky. You should preserve all communications, including emails and text messages, concerning these matters. The failure to preserve such evidence may result in a claim of spoliation of evidence and a request for sanctions against FFG and Ershowsky in future litigation.

On behalf of Injured Parties, we hereby demand that FFG and Ershowsky *immediately* take all steps necessary (i) to withdraw any and all legal actions against the Injured Parties, with a copy of the date-stamped withdrawals sent to my law firm, (ii) to advise all banks of the withdrawal of all legal actions against the Injured Parties, with a copy of all such notices being sent to my law firm, and (iii) immediately arrange the return of all money seized from Injured Parties.

Plaintiffs reserve all rights and remedies to pursue their claims for compensatory damages, punitive damages, and attorney's fees against FFG and Ershowsky, but your immediate actions to release the funds of the Injured Parties may avoid further damages.

Cordially,

ROBL LAW GROUP LLC

Michael Robl

# Exhibit "D"

| | |
|---|---|
| **From:** | Mike Robl |
| **To:** | "Michael Ershowsky" |
| **Subject:** | RE: URGENT -- demand for release of funds |
| **Date:** | Tuesday, September 26, 2023 3:10:33 PM |

Mr. Ershowsky,

I completely understand Family Funding Group ("FFG") and you obtaining an order authorizing collection action against FFG's **borrower**, which was Chazzy Retail Services, LLC and against FF's **guarantor**, which was Charles Craton, III.  What I do not think you and FFG are appropriately considering is that FFG has no contractual relationship with the two companies whose accounts you have seized – *i.e.*, Catnip Catlin Investments, LLC ("CCLLC") and Craton Event Management, LLC d/b/a Craton Promotions and Craton Inc ("CEMLLC"). Those two entities intend to file suit against FFG and you personally for conversion of their funds, and to seek punitive damages and legal fees. If your sole response is that you have a court order identifying the bank accounts of CCLLC and CEMLLC as being subject to seizure, that will not carry the day ultimately for a number of reasons. First, FFG and you did not have any valid basis to designate those accounts for seizure since neither company had any contractual relationship with FFG. Second, neither CCLLC nor CEMLLC is subject to jurisdiction in New York, as neither has availed themselves of that forum for business (including since they did not contract with FFG). Finally, it was you who provided the court with the account numbers and who represented that they were account numbers of the defendants (*i.e.*, Chazzy and Craton) when, in fact, they were not accounts of that borrower or guarantor. In short, you gave the court false information. For those reasons, we are confident that the order on which you rely will not ultimately protect you and FFG from liability.

My clients are prepared to sue you and FFG in Georgia. They are already incurring unnecessary legal fees, for which they will need to be compensated. However, you can mitigate the tremendous harm that you and FFG are causing by immediately releasing the funds of CCLLC and CEMLLC, which you must do in light of the foregoing facts.

Please advise immediately that you will release those accounts and send us confirmation that Wells Fargo has been notified to release those accounts. This needs to be resolved in the next 24 hours in light of the need to fund payroll of these non-parties by the end of this week.

Michael Robl, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial:  (404) 373-5153
Facsimile:  (404) 537-1761
Email:  michael@roblgroup.com
Website:  www.roblgroup.com

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email. IMPORTANT DISCLOSURES AND TERMS & CONDITIONS ARE CONTAINED ON OUR FIRM WEBSITE AT WWW.ROBLGROUP.COM AND GOVERN OUR RELATIONSHIP WITH CLIENTS.

**From:** Michael Ershowsky <mbe@ershlaw.com>
**Sent:** Tuesday, September 26, 2023 10:24 AM
**To:** Mike Robl <michael@roblgroup.com>
**Subject:** RE: URGENT -- demand for release of funds

Mr. Robl,

I am receipt of your letter. Even from your own words, it is apparent that any funds that were restrained by Wells Fargo were so restrained because Wells Fargo was served with a lawful order. To the extent that you believe that Wells Fargo has unlawfully done so, you can take that up with Wells Fargo.

Further, I know attorneys in Georgia, and I am aware that threatening other attorneys with frivolous legal action is part of your playbook. Accordingly, your actions are without basis and are truly unethical.

Very truly,

Michael B. Ershowsky, Esq.
ERSHOWSKY P.C.
290 Central Avenue, Suite 109
Lawrence, New York 11559
347.346.0207

---

**From:** Mike Robl <michael@roblgroup.com>
**Sent:** Monday, September 25, 2023 4:47 PM
**To:** Michael Ershowsky <mbe@ershlaw.com>
**Subject:** URGENT -- demand for release of funds

Please see the attached correspondence. We look forward to your quickest response.

Michael Robl, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial:  (404) 373-5153
Facsimile:  (404) 537-1761
Email:  michael@roblgroup.com
Website:  www.roblgroup.com

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email. IMPORTANT DISCLOSURES AND TERMS & CONDITIONS ARE CONTAINED ON OUR FIRM WEBSITE AT WWW.ROBLGROUP.COM AND GOVERN OUR RELATIONSHIP WITH CLIENTS.