UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CATNIP CATLIN INVESTMENTS, LLC, *et al.*,

                          Plaintiffs,

            - against -

FAMILY FUNDING GROUP, LLC, *et al.*,

                          Defendants.
--------------------------------------------------------x

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**
24-CV-3946 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

Plaintiffs Catnip Catlin Investments, LLC, and Craton Event Management, LLC d/b/a/ Craton Promotions, brought this action against Defendants Family Funding Group, LLC ("FFG"), Ershowsky Verstandig PLLC, Ershowsky P.C., and Michael Ershowsky, alleging, *inter alia*, conversion, negligence, and abusive litigation arising out of Defendants' participation in separate, *ex parte* litigation that resulted in the seizure of funds from Plaintiffs' bank accounts. (Am. Compl., Dkt. 41.) After FFG failed to answer Plaintiffs' Amended Complaint, Plaintiffs requested a certificate of default, (Req. for Certificate of Default, Dkt. 62). On January 10, 2025, the Clerk of Court entered default against FFG. (Clerk's Entry of Default, Dkt. 67.)[1]

On May 8, 2025, Plaintiffs moved for default judgment. (Pls.' Mot. Default J., Dkt. 72.) The Court referred the motion to the Honorable Magistrate Judge Taryn A. Merkl. (05/12/2025 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial matters to a magistrate judge). On January 9, 2026, Judge Merkl issued a Report

---

[1] Plaintiffs voluntarily dismissed Defendants Ershowsky Verstandig PLLC, Ershowsky P.C., and Michael Ershowsky. (*See* 05/09/2025 Dkt. Order.)

and Recommendation (the "R&R"), recommending that the motion be denied.  (R&R, Dkt. 82.) No objections have been filed, and the time for doing so has passed.

"When no timely objection is filed" to a magistrate judge's R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution.").  The Court has reviewed Judge Merkl's R&R and, finding that there is no clear error on the face of the record, adopts the R&R in full.

The Court, however, adds this clarification as to why it agrees with the R&R that Plaintiff's conversion claims fails to meet the pleading requirements set out in Federal Rule of Civil Procedure 9(b).  As Judge Merkl noted, Plaintiffs allege, without specifying, that "'Defendants falsely represented to the New York [state c]ourt that [Plaintiffs'] bank accounts belonged to a borrower' of Defendant [FFG]."  (R&R, Dkt. 82, at 16, 19 (alterations in original) (quoting Am. Compl., Dkt. 41, ¶ 22).)  Plaintiffs allege that the false representation is "referenced in an Order issued in the New York action," which is attached to the Amended Complaint.  (Am. Compl., Dkt. 41, ¶ 22.)  The referenced Order admittedly lists only FFG—not Ershowsky Verstandig PLLC, Ershowsky P.C., or Michael Ershowsky—as the entity seeking to restrain Plaintiffs' accounts. (*See* State Ct. Order, Dkt. 41, at ECF[2] 16–17.)  Nonetheless, the Court agrees with Judge Merkl that "[i]t is unclear from the face of the amended complaint and the accompanying exhibits which

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

of the Defendants made the false allegation regarding the bank accounts." (R&R, Dkt. 82, at 17.) That is because Plaintiffs' Complaint elsewhere suggests that Defendant Ershowsky may have been serving as an agent for FFG and helped obtain the state court order. (*See* Robl Email, Dkt. 41, at ECF 25 (claiming that FFG "and [Michael Ershowsky] obtain[ed] an order authorizing collection action"); R&R, Dkt. 82, at 18 n.11 (observing Plaintiffs' Amended Complaint implies that Michael Ershowsky was acting as an agent to FFG).) And neither the Complaint—nor the referenced Order—explicitly state *who* claimed Plaintiffs' bank accounts belonged to a borrower of FFG. Accordingly, Plaintiffs have not identified with specificity who made the false allegation that forms the basis of Plaintiff's conversion claim.

## CONCLUSION

For the reasons set forth in the Report and Recommendation, Plaintiff's motion for default judgment is denied. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 5, 2026
    Brooklyn, New York

3